# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM LURWICK<br>504 Florence Ave.<br>Hamburg, PA 19526<br><br>　　　　Plaintiff,<br>v.<br><br>LEHIGH VALLEY HEALTH<br>NETWORK, INC.<br>1200 S Cedar Crest Blvd.<br>Allentown, PA 18103<br>　　and<br>LEHIGH VALLEY HOSPITAL, INC.<br>1200 S Cedar Crest Blvd.<br>Allentown, PA 18103<br><br>　　　　Defendants. | CIVIL ACTION<br><br>DOCKET NO.:<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

William Lurwick (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against Lehigh Valley Health Network, Inc. and Lehigh Valley Hospital, Inc. (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise) for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter*

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA.

*alia*, that he was unlawfully terminated from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the FMLA and the ADA. There lies supplemental jurisdiction over Plaintiff's future state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant Leigh Valley Health Network, Inc. healthcare network located in Allentown, PA offering health care services through various facilities in Pennsylvania, including the location at which Plaintiff worked – Lehigh Valley Hospital.

9. Defendant Lehigh Valley Hospital, Inc. is a hospital located in Allentown, PA.

10. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11. At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was hired to work for Defendants on or about November 9, 2015.

14. Plaintiff was employed with Defendants as a Registered Nurse for approximately 1.5 years until he was wrongfully terminated on or about March 17, 2017 – discussed further *infra*.

15. While employed with Defendants, Plaintiff was a dedicated and hard-working employee who performed his job well and did not have a history of discipline.

16. Plaintiff has and continues to suffer from mental health disabilities, including but not limited to bipolar disorder.

17. Plaintiff's aforesaid medical conditions, at times, limits his ability to perform some daily life activities, including but not limited to working, engaging in social interaction, and focusing.

18. Despite Plaintiff's aforementioned disabilities and limitations, he was at all times relevant herein able to perform the duties of his job well with Defendants; however, Plaintiff did require reasonable accommodations on occasion, including but not limited to time off from work to care for and treat for his health conditions.

19. In our about January of 2017, Plaintiff requested and took an FMLA-qualifying medical leave of absence to care for and treat for his bi-polar disorder (a reasonable accommodation under the ADA).

20. Plaintiff's aforesaid medical leave of absence, commencing in or about January of 2017, lasted for approximately two (2) weeks before Plaintiff was able to return to work without any restrictions.

21. In or about March of 2017, shortly after returning to work from his approximate two-week medical leave of absence, Plaintiff was brought into a meeting with his manager, Ann Raybert (Director of ICU), and accused of narcotics aversion and told that there would be an investigation into such accusation.

4

22. Plaintiff was thereafter required to take a drug test because Defendants perceived him to have a narcotic-related dependency issue; however, the aforesaid drug test came back negative for any drugs and Plaintiff was informed by Raybert that he could begin working again.

23. However, before Plaintiff could resume working for Defendants, he was contacted by Raybert and told that the Employee Health Department ("Employee Health") needed to speak with him before he could return to work.

24. As instructed by his manager, Plaintiff contacted Employee Health who informed him that before he could return to work, they would need to speak with Plaintiff's treating doctors, including his physiatrist and primary care physician.

25. Plaintiff was informed that if he did not give consent for Employee Health to speak with his treating physicians he would be terminated. Therefore, in fear of losing his job, Plaintiff hesitantly gave consent for Employee Health to speak with his physicians.

26. In addition to the requirement of providing consent for Defendants' Employee Health Department to have unfettered access to speak with his treating physicians about his health conditions, Plaintiff was also required to be evaluated by an outside addiction specialist before returning to work – as Defendants still perceived Plaintiff to have a dependency related health issue, despite having already passed a drug test.

27. After allowing Defendants to speak with his treating physicians and being cleared to return to work by an outside addiction specialist (chosen by Defendants), Plaintiff was finally permitted to return to work in mid-March of 2017.

28. However, even though he was cleared by his doctors and Defendants' outside addition specialist and despite having passed a drug test, Defendants' still issued Plaintiff a warning letter.

29. After returning to work from his aforesaid involuntary unpaid leave, Plaintiff was treated with increased hostility and animosity, treated in a rude and demeaning manner, and had policies selectively enforced against him (particularly pertaining to the reason for his termination – discussed *infra*).

30. Approximately two weeks following his return to work in mid-March of 2017 (after having been placed out on an involuntary unpaid leave), Plaintiff was admitted to the hospital for reasons related to his mental health conditions.

31. As a result of being hospitalized for his mental health conditions (discussed *supra*), Plaintiff requested FMLA and was approved for said leave.

32. While on FMLA leave for his aforesaid mental health conditions, Plaintiff was informed via telephone (while still hospitalized) by Raybert and an HR representative that he was being terminated from Defendants without any further discussion.

33. Plaintiff was later informed that he was terminated from his employment with Defendants for being in a room he was not assigned to - which is completely pretextual, as Plaintiff was simply assisting another nurse on the day in question.

34. Furthermore, it was a common occurrence for nurses to assist one another in each other's assigned rooms.

35. Plaintiff believes and therefore avers that he was subjected to a hostile work environment, issued pretextual discipline, forced out on an involuntary unpaid leave, and ultimately terminated from his employment with Defendants in violation of the ADA and FMLA.

**First Cause of Action**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**[3] Hostile Work Environment; & [4] Failure to Accommodate)**
-Against Both Defendants-

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Plaintiff suffered from qualifying health conditions under the ADA (as amended) which affected his ability (at times) to perform some daily life activities, as described *supra*.

38. Plaintiff requested reasonable accommodations from Defendants, including but not limited time off from work to care for and treat for his health conditions.

39. Towards the end of Plaintiff's employment (specifically following his January of 2017 medical leave of absence), Defendants accused Plaintiff of stealing narcotics, perceived him to have a drug-related dependency medical condition, and forced him out of work on an involuntary unpaid leave of absence.

40. Despite passing a drug test, being cleared by his doctors to return to work, and being cleared to return to work by an addiction specialist (whom he was forced to undergo an evaluation with before being permitted to return to work), Plaintiff was still issued a pretextual written warning.

41. After returning to work following his forced leave, Plaintiff was subjected to increased hostility and animosity and eventually terminated after requesting and being approved for another medical leave of absence under the FMLA for his mental health conditions.

42. Plaintiff believes and therefore avers that Defendants discriminated against Plaintiff by subjecting him to a hostile work environment, issuing him pretextual discipline, placing him on an involuntary unpaid leave, and ultimately terminating his employment because:

(1) of his known and/or perceived health problems; (2) his record of impairment; and/or (3) his requested accommodations.

43. Defendants also failed to accommodate Plaintiff's health conditions by terminating and/or refusing to keep his position open while he was on a medical leave of absence.

44. These actions as aforesaid constitute violations of the ADAAA.

## Second Cause of Action
### Violations of the Family and Medical Leave Act ("FMLA")
(Interference and Retaliation)
-Against Both Defendants-

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

47. Plaintiff requested leave from Defendants, his employers, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

48. Plaintiff had at least 1,250 hours of service with the Defendants during his last full year of employment.

49. Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

50. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

51. Plaintiff was terminated while on an FMLA leave of absence for his aforesaid mental health conditions.

52. Defendants committed interference and retaliation violations of the FMLA by: (1) disciplining and terminating Plaintiff for requesting and/or exercising his FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to issue him discipline and/or terminate him; (3) disciplining and/or terminating Plaintiff to prevent him from taking further FMLA-qualifying leave in the future; and (4) terminating Plaintiff while he was still on an FMLA leave.

53. These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: March 7, 2018

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| William Lurwick | CIVIL ACTION |
| v. | |
| Lehigh Valley Health Network, Inc., et al. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 3/8/2018 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 504 Florence Avenue, Hamburg, PA 19526

Address of Defendant: 1200 S. Cedar Crest Blvd, Allentown, PA 18103

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐ No☒

Does this case involve multidistrict litigation possibilities?    Yes☐ No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 3/8/2018          _____          ARK2484
                         Attorney-at-Law          Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/8/2018          _____          ARK2484
                         Attorney-at-Law          Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LURWICK, WILLIAM

**(b)** County of Residence of First Listed Plaintiff: Berks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
LEHIGH VALLEY HEALTH NETWORK, INC., ET AL.

County of Residence of First Listed Defendant: Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)
Brief description of cause:
Violations of the ADA, FMLA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 3/8/2018
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____