IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM LURWICK, :
 :
                Plaintiff :
 :
v. : CIVIL ACTION NO. 18-0981
 :
LEHIGH VALLEY HEALTH :
NETWORK, INC. and :
LEHIGH VALLEY HOSPITAL, INC. :
 :
                Defendants :

**Henry S. Perkin, M.J.**                                                                                            May 9, 2019

## MEMORANDUM

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Prosecution filed February 4, 2019. Having considered the motion and supporting documentation, the Court is prepared to rule on this matter.

### Background

Based upon the record, the relevant facts and procedural history are as follows:

Plaintiff William Lurwick ("Lurwick") initiated this matter by filing a Complaint on March 8, 2018 asserting claims against Defendants Lehigh Valley Health Network, Inc. and Lehigh Valley Hospital, Inc. ("Lehigh Valley") under the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"). See Dkt. No. 1. Defendants filed their Answer with Affirmative Defenses to Plaintiff's Complaint on May 7, 2018. See Dkt. No. 12. While the parties attempted to exchange written discovery requests, only Defendants responded. Lurwick's responses to Defendants' discovery requests were due on or before July 9, 2018, but he did not respond.

On July 10, 2018, this Court held a telephonic status conference with counsel for the parties. See Dkt. No. 20. During this conference, Plaintiff's former counsel (Timothy S. Seiler, Esquire) advised this Court and counsel for Lehigh Valley that his firm had been unable to reach Lurwick for at least a month, and that he and his firm intended to withdraw their appearances if they did not hear from Lurwick by July 13, 2018. Attorney Seiler further advised that he was unable to provide responses to Lehigh Valley's discovery requests due to his inability to reach Lurwick. At that time, this Court advised Attorney Seiler to hold off on seeking to withdraw as counsel, and continued the Rule 16 Scheduling Conference until September 6, 2018. See Dkt. No. 19. This Court further advised that in the event Lurwick failed to contact his counsel, we would consider allowing Attorney Seiler to withdraw as counsel of record for Plaintiff at the rescheduled conference, and would combine that issue with a determination of whether the case would proceed with new counsel or whether Lurwick would proceed *pro se*. During the September 6, 2018 telephonic conference, Attorney Seiler advised this Court that he was still unable to reach Lurwick, and that Lurwick had failed to communicate with him or his firm for more than two months.

Following this series of Rule 16 Conferences and status conferences, Attorney Seiler filed a Motion to Withdraw as Counsel for Plaintiff on September 12, 2018. See Dkt. 22. In so doing, Attorney Seiler explained that Lurwick had failed to fulfill his obligations in this matter as it relates to discovery, document production, and maintaining communication with his counsel. Id. Counsel explained that "[n]umerous attempts to establish contact with [Lurwick] have been made over the last several months by [Attorney Seiler], without success. By way of example, [Attorney Seiler] attempted to reach Plaintiff by telephone in excess of ten (10) times, including through possible contact telephone numbers obtained through a Skip Trace run by [Attorney

Seiler] in an attempt to locate Plaintiff, leaving numerous voicemails." Id. The motion to withdraw also noted that Lurwick had failed to respond to five emails sent to him beginning as far back as June 2018. Id. In further support of the motion, Attorney Seiler also explained that they had "sent Plaintiff several letters in further attempts to establish contact with Plaintiff, including on June 11, 2018 (via US Mail), June 27, 2018 (via US Mail and E-Mail), July 5, 2018 (to Plaintiff and his listed emergency Contact via Fed Ex [sic] and E-Mail), and August 9, 2018 (to Plaintiff and his emergency contact via Fed Ex [sic] and E-Mail)." Id. The motion further indicated that Lurwick was informed in the July 5 and August 9, 2018 letters that his attorney intended to withdraw as counsel for Plaintiff if he did not contact their firm. Id. The record indicates that Lurwick did not respond to any of these efforts to contact him. Id.

Lehigh Valley did not oppose the motion to withdraw, and by Order dated September 21, 2018, this Court informed Lurwick that he had twenty-one days after service of the Order to file a response to the motion to withdraw. See Dkt. No. 23. This Court further directed that if Lurwick did not respond to the motion to withdraw within the time period provided, the motion would be granted as uncontested. Id. In accordance with the Order, Attorney Seiler served a copy of the September 21, 2018 Order, along with a copy of his motion to withdraw on Lurwick via FedEx delivery on September 26, 2018. See Dkt. Nos. 24-25. Lurwick did not file a response within the time period set by this Court's September 21, 2008 Order.

On December 13, 2018, the motion to withdraw was granted[1] and the Order was mailed to Plaintiff's last known mailing address via FedEx delivery. See Dkt. Nos. 26-27. This Order also directed Lurwick to

---

[1] In addition to granting the motion to withdraw as uncontested, this Court found that counsel had set forth a proper basis in the motion which supported the request for withdrawal. Specifically, this Court noted that counsel had demonstrated that Lurwick failed to fulfill his obligations in this matter as it relates to discovery production and

3

> obtain other counsel, or indicate to this Court that he intends to
> proceed *pro se*, within thirty (30) days of the date of this Order.
> Failure to timely obtain counsel, or notify this Court of his intent to
> proceed *pro se*, will result in this matter being dismissed for lack
> of prosecution.

See Dkt. No. 26. Since being served with this Order on December 13, 2018, Lurwick has failed to "obtain other counsel, or indicate to this Court that he intends to proceed *pro se*." Id. Moreover, the record demonstrates that Lurwick has failed to communicate in any manner with Lehigh Valley, their counsel, or this Court since the entry of the December 13, 2018 Order.

On February 4, 2019, Lehigh Valley filed Defendants' Motion to Dismiss for Lack of Prosecution. See Dkt. 28. In so doing, Lehigh Valley seeks dismissal of this action with prejudice based on Lurwick's failure to obtain other counsel or notify this Court that he intends to proceed *pro se*. Lehigh Valley asserts that the time period for which Lurwick to notify the Court expired on January 14, 2019, and because he has not obtained other counsel or otherwise contacted this Court, his claims asserted in the Complaint should be dismissed with prejudice for lack of prosecution. See Dkt. No. 28 and the Declaration of David E. Renner, Esquire at ¶¶ 2-3. It appears from the record that service of the motion, memorandum, and proposed order was made on Lurwick and his emergency contact via FedEx overnight delivery. See id.

By Order dated February 5, 2019, this Court directed Lurwick to file a response to the foregoing motion to dismiss no later than February 19, 2019. See Dkt. No. 29. Lurwick was advised that the failure to timely respond to the motion to dismiss would result in dismissal of

---

maintaining communication with counsel. This Court found that Lurwick had failed to respond to numerous attempts made in an effort to contact him, and had failed to cooperate in the litigation of this matter. Accordingly, this Court also concluded that counsel was permitted to withdraw pursuant to Pennsylvania Code Sections 1.16(b)(1), 1.16(b)(5) and 1.16(b)(7).

this case for failure to prosecute. See id. This Court's Order also directed the Clerk of Court to serve a copy of the Order to Lurwick at both of his last known addresses.[2] Lurwick did not respond to the motion to dismiss, and he has not contacted this Court at any time.

Lehigh Valley's motion to dismiss and memorandum of law in support thereof contain information relevant to the steps taken in an effort to advance discovery and move this action forward. See Dkt. No. 28. The Court has noted most, if not all, of those averments in this section, and finds that those uncontested averments are relevant to its determination of this matter. Id.

**Standard of Review**

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss a plaintiff's case for failure to prosecute. See Fed. R. Civ. P. 41(b). The decision to dismiss a case pursuant to 41(b) is within the discretion of the trial court. Burns v. Glick, 158 F.R.D. 354, 355 (E.D. Pa. 1994) (citations omitted). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-631 (1962). Further, even plaintiffs who are proceeding *pro se* are subject to the sanction of dismissal. Richardson v. Cox, 1993 U.S. Dist. LEXIS 16492, No. 91-7830, 1993 WL 481723, at *2 (E.D. Pa. Nov. 17, 1993).

In order to decide whether to dismiss a case, a district court must balance the following factors:

---

[2] One of the addresses listed (Florence Avenue) was identified in the Civil Action Complaint (Dkt. No. 1) as the primary address of Lurwick. The other address (Hillcrest Avenue) was identified by Lurwick's former counsel as an emergency contact address. See Dkt. No. 22 at 3, 6-7. It appears from this Court's review of the docket that service of the February 5, 2019 Order was made at the Hillcrest Avenue address.

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Casualty Co., 747 2.d 863, 868 (3d Cir. 1984).

It is not required that all of the factors be satisfied for a district court to find for a dismissal. See Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). Further, "in balancing the *Poulis* factors, we do not have a 'magic formula' or 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (citing Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

**Discussion of *Poulis* Factors**

**1. The extent of Plaintiff's personal responsibility**

Lurwick can be held personally responsible for his failure to advance this action. As noted above, Lurwick has failed to communicate with his former counsel, obtain new counsel, or otherwise inform this Court that he was planning to proceed *pro se*. Lurwick has not contacted this Court, nor has he contacted counsel for Lehigh Valley, despite being advised to do so in this Court's Order dated December 13, 2018. *Pro se* plaintiffs can also be held responsible for their failure to attend a pretrial conference or otherwise comply with a court's orders. See Briscoe, 538 F.3d at 258. Further, "it is logical to hold a *pro se* plaintiff responsible for delays in [his] case because a *pro se* plaintiff is solely responsible for the progress of [his] case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney." Id. at 258-259.

Lurwick's counsel filed a Motion to Withdraw as Counsel for Plaintiff on September 12, 2018, and it was granted on December 13, 2018. See Dkt. Nos. 22, 26. As mentioned

6

previously, the Court's December 13, 2018 Order was entered and copies were mailed to Lurwick. See Dkt. Nos. 26-27. This Order gave Lurwick fair warning that his "[f]ailure to timely obtain counsel, or notify this Court of his intent to proceed *pro se*, will result in this matter being dismissed for lack of prosecution." See Dkt. No. 26. Lurwick, however, has failed to either obtain counsel or contact this Court, which indicates that he does not intend to continue to pursue his claims.

As a *pro se* plaintiff, Lurwick is expected to proceed with and engage in this action. Plaintiff, however, has failed to contact this Court or counsel for Lehigh Valley. In addition, even when he was represented by counsel, Lurwick did not respond to counsel or cooperate with repeated requests for discovery. As noted by the aforementioned case law, Lurwick can be held responsible for his lack of action in this matter.

**2. Prejudice to the Defendant**

When evaluating the second *Poulis* factor, evidence of prejudice "would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-874 (3d Cir. 1994) (internal quotation marks and citations omitted). Prejudice includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Curtis T. Bedwell & Sons, Inc. v. Intl' Fidelity Ins. Co., 843 F.2d 683, 693-694 (3d Cir. 1988). Examples of prejudice also include the "excessive and possibly irremediable burdens or costs imposed on the opposing party," "deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." Adams, 29 F.3d at 874.

Lehigh Valley avers that Lurwick's failure to act has prevented it from obtaining additional information regarding his claims beyond what it is contained in the Complaint. In fact, Lehigh Valley has not even been able to obtain written responses to discovery. A failure to obtain such information can affect proper preparation in the action for both parties. In Riley v. Pennsylvania Department of Corrections, 536 F. App'x 222, 226 (3d Cir. 2013), the United States Court for the Third Circuit held that there "was at least some prejudice" to the defendants caused by a plaintiff's delay because the case was pending for a lengthy period at the time of its dismissal. Such a delay causes the "inevitable dimming of witnesses' memories." Id. Lurwick's failure to prosecute means that this matter has become stale and discovery cannot progress. The Complaint is more than a year old and its allegations are based on conduct dating back to 2015. See Dkt. No. 1.

This Court finds that Lehigh Valley has been prejudiced by the uncertainty of this suit concerning activities that occurred more than three years ago, which grow continuously more stale as time passes. Because Lurwick has failed to diligently advance the action, and because the failure to obtain information through necessary discovery would affect a defense to the allegations, the Court can reasonably find that Lehigh Valley has been prejudiced by Lurwick's failure to act.

**3. History of dilatoriness**

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness." Adams, 29 F.3d at 874. "Time limits imposed by the rules and the [C]ourt serve an important purpose for the expeditious processing of litigation." Poulis, 747 F.2d at 868. In alleging Lurwick's history of dilatoriness, Lehigh Valley details a chronology, which demonstrates the parties' actions in the instant case over the past year. Lehigh Valley further alleges that

8

Lurwick's failure to act included ignoring his former counsel, discovery requests, and deadlines set forth by this Court.

Based on the evidence in the record, it appears that Lurwick has failed to participate in this litigation since shortly after its filing in March 2018. <u>See</u> Dkt. No. 22. Certainly, Lurwick has not taken any recent steps to move his case forward, and he has failed to comply with this Court's Orders. <u>See</u> Dkt. Nos. 23, 26, 29. It appears to this Court that shortly after the filing of this lawsuit by his former counsel, Lurwick lost interest in pursuing this matter. Such conduct is clearly dilatory.

**4. Whether the conduct was willful or in bad faith**

Conduct that demonstrates a failure to comply with the Court's Orders and a dragging out of the case can be considered willful conduct. <u>See</u> <u>Emerson v. Thiel College</u>, 296 F.3d 184, 191 (3d Cir. 2001). Generally, "willfulness involves intentional or self-serving behavior," and goes beyond mere negligence. <u>Poulis</u>, 747 F.2d at 868-9; <u>Emerson</u>, 296 F.3d at 191.

Lurwick's unresponsiveness since basically the suit's inception suggests he no longer has any intention to respond or otherwise communicate with the Court or counsel. Courts in this District have recently held where there is no indication that a plaintiff's failure was from excusable neglect, "the conclusion that their failure is willful is inescapable." <u>Dewald v. Jenkins</u>, No. 16-4597, 2019 WL 1470856, at *3 (E.D. Pa. Apr. 2, 2019) (Pappert, J.) (citing <u>Palmer v. Rustin</u>, No. 10-42, 2011 5101774, at *2 (W.D. Pa. Oct. 25, 2011); <u>see</u> <u>also</u> <u>Roman v. City of Reading</u>, 121 F.App'x 955, 960 (3d Cir. 2005) ("Absence of reasonable excuses may suggest that the conduct was willful or in bad faith."); <u>Breeland v. Doll</u>, No. 11-cv-1415, 2012 WL 1424778, at *5 (M.D. Pa. Mar. 21, 2012), <u>report and recommendation adopted</u>, No. 11-cv-1415, 2012 WL 1454016 (M.D. Pa. Apr. 25, 2012) ("[W]hen the Plaintiff has failed to comply with

instructions of the Court directing the Plaintiff to take specific actions in this case, and has violated the local rules, the Court is compelled to conclude that the Plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions")).

Lurwick's inaction is suggestive of an intention not to pursue this case. He is – or should be – aware that this case is ongoing, yet he has not communicated with his former counsel, or this Court, in more than a year. Dewald, 2019 WL 1470856, at *3. Accordingly, the Court may conclude that Lurwick's actions are not accidental or inadvertent but instead reflect an intentional disregard for the case and this Court's Orders.

**5. The effectiveness of sanctions other than dismissal**

In determining whether dismissal is an appropriate sanction, the Court must consider the availability of sanctions alternative to dismissal. Poulis, 747 F.2d at 869. "When a Plaintiff fails to prosecute his action, outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate." Briscoe, 538 F.3d at 262. Where an attorney has caused the delay and noncompliance in proceedings, it would not be justified to dismiss an action. Emerson, 296 F.3d at 191. However, where a Plaintiff is *pro se*, the Plaintiff can be held liable for his or her own noncompliance. See Briscoe, 538 F.3d at 262.

In the instant action, *pro se* Plaintiff caused the delay in discovery and in advancing this action. Lurwick has failed to take any steps to answer discovery, appear before this Court, or prosecute this matter. Therefore, the Court finds the most effective sanction is dismissal of the action.

**6. The meritoriousness of the claim**

Under Poulis, a claim has merit when the allegations in the pleadings "would support recovery by the plaintiff." Poulis, 747 F.2d at 870. "The meritoriousness factor is neutral and not dispositive." Emerson, 296 F.3d at 192. Lurwick has only made facially meritorious claims, but has not taken any steps to substantiate the allegations made in the pleadings. We note that Lehigh Valley vigorously denies that Lurwick's claims have any merit. The Court, however, is unable to ascertain whether or not Lurwick's claims may be considered meritorious based on the evidence on the record.

**Conclusion**

Based on a balance of the *Poulis* factors and based on the evidence in the record, Defendants' Motion to Dismiss for Lack of Prosecution will be granted. With respect to Lehigh Valley's request for dismissal of the action as a result of Lurwick's failure to prosecute, the motion is granted. An appropriate Order follows.